STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.T.-1, R.B., M.B., and D.O.**

**No. 19-0376** (Berkeley County 18-JA-77, 18-JA-78, 18-JA-79, and 18-JA-151)

## MEMORANDUM DECISION

Petitioner Mother K.T.-2, by counsel Mary Binns-Davis, appeals the Circuit Court of Berkeley County's March 18, 2019, order terminating her parental rights to K.T.-1, R.B., M.B., and D.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Tracy Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as a child and petitioner share the same initials, we refer to them as K.T.-1 and K.T.-2 throughout this memorandum decision.

[2]Additionally, petitioner assigns error to the circuit court's finding that she failed to seek immediate medical attention for K.T.-1. However, petitioner's argument section substantively ignores this alleged error. This is in clear contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, *under headings that correspond with the assignments of error*. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). As petitioner's second assignment of error fails to comply with the applicable rule, it will not be addressed in this decision.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a child abuse and neglect petition alleging that eighteen-month-old K.T.-1 was treated for injuries consistent with non-accidental trauma, and petitioner could not provide a reasonable explanation for her injuries. The DHHR alleged that K.T.-1 was admitted to the hospital with multiple large, "baseball-sized" bruises on her sides and back and bruising to her pubic area. K.T.-1 also suffered a punctured bowel and "possibly multiple other rib fractures." K.T.-1's treating physician noted "healing rib fractures" on the child's left side. The DHHR alleged that petitioner did not believe any members of the household could have harmed K.T.-1. The DHHR further alleged that, other than petitioner, petitioner's fiancé, a roommate, and petitioner's two other children lived in the home. Petitioner's roommate answered the door when law enforcement and DHHR workers arrived for initial interviews; he was observed leaving the home through the back door immediately afterwards and was not questioned. Petitioner's fiancé, A.O., denied abusing K.T.-1. Petitioner waived her right to a preliminary hearing.[3]

The circuit court held multiple adjudicatory hearings and issued an adjudicatory order in November of 2018. The circuit court found that K.T.-1 suffered eight "fresh broken ribs with one healing rib fracture, and internal injuries which included a punctured bowel." According to medical testimony, K.T.-1's injuries were intentional injuries caused by blunt force trauma. Despite petitioner's testimony that she was on bed rest in the home at the time of the injuries, neither she nor A.O. explained who caused K.T.-1's injuries or how the injuries were caused. The circuit court found petitioner's explanations incredible "in light of medical testimony" and her admission to using corporal punishment on the children was insufficient to explain the injuries to the child. Finally, the circuit court found that petitioner failed to seek timely and appropriate medical care for K.T. and failed to seek law enforcement assistance upon the discovery of the injuries. Ultimately, the circuit court concluded that petitioner was an abusing parent, the children were abused children, and K.T.-1 was subjected to chronic physical abuse.

In February of 2019, the circuit court held the final dispositional hearing and heard testimony from a DHHR case worker, petitioner, and A.O. Petitioner moved for a post-adjudicatory improvement period. The circuit court found that petitioner had not provided a credible explanation for how K.T.-1 suffered non-accidental, blunt force trauma, even though petitioner was "on bed rest" and thus "in the home more than usual." Further, the circuit court noted that K.T.-1 showed symptoms of severe injuries for two to four days and did not receive medical care until she was "in critical condition." The circuit court concluded that petitioner and

---

[3]Petitioner was pregnant when the petition was filed, and the DHHR amended the petition to include newborn D.O. as an infant respondent in September of 2018. Following the filing of the amended petition, petitioner again waived her right to a preliminary hearing.

A.O. waited to seek treatment for K.T.-1 in an attempt to protect one another. The circuit court specified, "[t]his is more than a 'failure to protect case,' it is a case where a child was injured and the perpetrator is not identified and [petitioner] and [A.O.] have not been ruled out as perpetrators." Based on this evidence, the circuit court denied petitioner's motion for a post-adjudicatory improvement period. Additionally, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights in its March 18, 2019, order. Petitioner now appeals that order.[4]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Notably, petitioner does not argue that the circuit court's finding that K.T.-1 was the victim of chronic physical abuse was clearly erroneous. Instead, petitioner acknowledges that the DHHR was not required to make reasonable efforts to preserve the family based on these findings. *See* W. Va. Code § 49-4-604(b)(7).[5] Petitioner argues that a

---

[4]The children's respective fathers' parental rights were terminated below. According to the parties, the permanency plan for the children is adoption in their current placement with a concurrent plan of adoption by a relative pending an investigation pursuant to the Interstate Compact for the Placement of Children.

[5]West Virginia Code § 49-4-604(b)(7) provides that the department is not required to make reasonable efforts to preserve the family if the court determines that "[t]he parent has subjected the child, another child of the parent or any other child residing in the same household or under the temporary or permanent custody of the parent to aggravated circumstances which include . . . chronic abuse."

finding of aggravated abuse does not bar the granting of an improvement period and the circuit court erred in concluding that "no improvement period could be fashioned for [petitioner] . . . to address the aggravating circumstances of the case." We find, however, that petitioner is entitled to no relief due to her failure to acknowledge the abuse.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *In re Emily,* 208 W. Va. 325, 344, 540 S.E.2d 542, 551 (2000). However,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). While petitioner correctly states that nothing precluded the circuit court from granting her an improvement period in this case, we find no error in the circuit court's denial of her motion based on her failure to acknowledge the abuse.

Further, the evidence supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(5) provides that there is no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected when "[t]he abusing parent . . . [has] repeatedly or seriously injured the child physically or emotionally . . . and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems." In this case, the circuit court found that K.T.-1 was chronically abused based on evidence of present and past injuries during her examination. Not only did K.T.-1 have freshly broken ribs during the examination, but also a rib that was healing from a recent fracture. This was clear evidence of at least two instances of severe physical abuse. Despite the evidence and her admission to being on bed rest in the home with K.T.-1, petitioner could not provide a reasonable explanation for these injuries. These findings fully support the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Additionally, we have held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As reasoned above, the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future is fully supported by the record. Additionally, the children would be at risk of continued abuse if returned to petitioner's care. Moreover, we have held that

"[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser." Syllabus Point 3, *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993).

Syl. Pt. 4, *In re Harley C.*, 203 W. Va. 594, 509 S.E.2d 875 (1998). The circuit court found that K.T.-1 suffered severe physical abuse while in the custody of petitioner and A.O.; yet, the perpetrator remained unidentified throughout the proceedings. Accordingly, the termination of petitioner's parental rights was warranted. The circuit court did not err.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 18, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5